[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2010
JOHN LEY
CLERK

No. 09-14829
Non-Argument Calendar

_____

Agency No. A078-579-433

ISMAGNE PHILIDOR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 22, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Ismagne Philidor, a native and citizen of Haiti, petitions for

review of the order of the Board of Immigration Appeals ("BIA") denying his fifth

motion to reopen his application for asylum, withholding of removal, and CAT

relief.   In his petition, he makes several claims of error.  He argues that the BIA

abused its discretion when denying his motion to reopen, as country conditions

have changed in Haiti since it initially denied his application.  He also asserts that

he is eligible for an adjustment of status, and that such eligibility warrants

reopening his case.  He alleges that the BIA's decision deprived him of his rights to

due process and equal protection.  He concludes by requesting from this court a

stay of removal.

"We review the BIA's denial of a motion to reopen removal proceedings for

abuse of discretion."  *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir.

2009) (internal quotation marks and alteration omitted).  Our review is limited to

determining "whether the BIA exercised its discretion in an arbitrary or capricious

manner."  *Id.*  Because the BIA highly disfavors motions to reopen, the moving

party bears a heavy burden, especially in removal proceedings.  *Id.*

The INA provides that, in general, an alien may file one motion to reopen

removal proceedings, but "the motion to reopen shall be filed within 90 days of the

date of entry of a final administrative order of removal." INA § 240(c)(7)(A),

(C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i).  However:

There is no time limit on the filing of a motion to reopen if the basis

of the motion is to apply for [asylum or withholding of removal] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.

INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). "An alien who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009).

The BIA may at any time reopen on its own motion a case in which it has entered a decision. 8 C.F.R. § 1003.2(a). The decision whether to reopen a case *sua sponte* is committed by law to the BIA's discretion. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008).

We review an alien's constitutional claims *de novo*. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).

Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings. *Lapaix v. U.S. Att'y Gen.*, ___ F.3d ___, ___ No. 09-12488, (11th Cir. May 12, 2010); *see also Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009). To establish a due process violation, the petitioner must show that he was deprived of liberty without due process of law and that the purported errors caused him substantial prejudice. *Id.* To show

3

substantial prejudice, the alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different. *Id.*

A federal appeals court may grant a stay of removal in immigration proceedings. *Nken v. Holder*, ___ U.S. ___, 129 S. Ct. 1749, 1754 (2009). When determining whether a stay is appropriate, we consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Id.* ___ U.S. ___, at 129 S. Ct at 1756 (internal quotation marks omitted).

Philidor's current motion is his fifth motion to reopen. He filed it on June 19, 2009. It is therefore beyond the general numerical and temporal limitations of INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i). Philidor has failed to establish that any limitations exception applies to his claim. Although the exhibits filed with his motion demonstrate the difficulties of life in Haiti, they do not demonstrate a change in country conditions sufficient to warrant reopening his application for asylum.

Philidor further argues that he is entitled to reopen his case in light of a pending application for adjustment of status based on his 2006 marriage to an American citizen. Philidor's application for adjustment of status is not an

4

appropriate basis for granting his untimely and numerically barred motion to reopen. Nothing in INA § 240(c), 8 U.S.C. § 1229a(c), mandates that the BIA shall revisit a final order of removal based on a pending application for adjustment of status.

The decision to grant or deny a motion to reopen is within the "very broad" discretion of the BIA. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008), *cert. denied*, 129 S. Ct. 146 (2008). Likewise, adjustment of an alien's status is a discretionary form of relief. *Id.* "[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Id.* (internal quotation marks omitted). Because Philidor has no constitutionally protected interest either in the grant of his motions or in adjustment of status, he is unable to demonstrate that the BIA's decisions deprived him of due process. For the same reason, his equal protection claim fails.

We previously denied Philidor's motion for a stay of removal. Philidor now argues that this court should revisit its order denying his request for a stay of removal. The prior panel's ruling is not binding on this panel. *See* 11th Cir. Rule 27-1(g). However, Philidor is unable to succeed on the merits of his motion to reopen, and consequently, he is unable to succeed in his effort to overturn his pending order of removal. He is therefore unable to meet the first element of *Nken*'s syllabus, rendering him ineligible for a stay of removal. *See Nken*, 129 S.

5

Ct. at 1756.

We are without jurisdiction to address Philidor's claim that the BIA should have *sua sponte* reopened his case. *Lenis*, 525 F.3d at 1293. Accordingly, we dismiss that element of his petition for review.

For the above-stated reasons, we dismiss in part and deny in part Philidor's petition.

**PETITION DISMISSED IN PART, DENIED IN PART.**